EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Ángel L. Montañez Morales<br>(TS-8699) | 2023 TSPR 111<br><br>212 DPR ___ |
|---|---|

Número del Caso:  AB-2020-0146

Fecha:  11 de septiembre de 2023

Oficina de Inspección de Notarías:

     Lcdo. Manuel E. Ávila De Jesús
     Director

Abogado del promovido:

     Por derecho propio

Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplir con las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

*In re*:

|  |  |  |
|---|---|---|
| Ángel L. Montañez Morales (TS-8699) | AB-2020-146 | Conducta Profesional |

*PER CURIAM*

En San Juan, Puerto Rico, a 11 de septiembre de 2023.

Una vez más nos vemos obligados a ejercer nuestra autoridad disciplinaria para suspender de manera inmediata e indefinida del ejercicio de la abogacía y la notaría a un integrante de la profesión jurídica, por incumplir con las órdenes de este Tribunal.

Al considerar la conducta que más adelante reseñaremos, adelantamos que suspendemos inmediata e indefinidamente al Lcdo. Ángel L. Montañez Morales (licenciado Montañez Morales o notario) del ejercicio de la abogacía y la notaría.

I

El licenciado Montañez Morales fue admitido al ejercicio de la abogacía el 26 de junio de 1987 y prestó juramento como notario el 10 de junio de 1988.

El 3 de diciembre de 2020, la Sra. Olga Janette Surillo Lebrón (señora Surillo Lebrón o promovente) presentó una *Queja* en contra del licenciado Montañez Morales. Según alegó, interesaba conocer el estatus de una escritura que había autorizado el notario hacía más de un (1) año sobre una propiedad inmueble que ella había comprado, pero de la cual no se le brindaba información o sólo se le ofrecía información incompleta.[1]

El 23 de marzo de 2021, el licenciado Montañez Morales presentó su *Contestación a Queja*. En ésta expuso que: (1) se le había comunicado a la promovente que antes de presentar la mencionada escritura se requería que la Sra. Ileana Rivera Rodríguez (señora Rivera Rodríguez) -con quien la señora Surillo Lebrón hizo el negocio de compraventa de la propiedad- entregara unos documentos en la oficina del notario; (2) estaba en la mejor disposición

---

[1] Según surge del expediente, el 15 de noviembre de 2018, el Lcdo. Ángel L. Montañez Morales (licenciado Montañez Morales o notario) autorizó la Escritura Núm. 86 sobre Compraventa (Escritura Núm. 86), a la que compareció la Sra. Ileana Rivera Rodríguez (señora Rivera Rodríguez) -en representación de Mercedes Fuentes y Edwin Sanabria- para vender su mitad proindivisa en una parcela de terreno en el Barrio Emajagua de Maunabo a la Sra. Olga Janette Surillo Lebrón (señora Surillo Lebrón o promovente). En particular, dicha propiedad fue segregada de una finca inscrita al Folio 13 del Tomo 17 de Maunabo en el Registro de la Propiedad de Guayama (Registro). En la Escritura Núm. 86 se indicó que la parte vendedora había adquirido el inmueble mediante una *Resolución* sobre Declaratoria de Herederos de la causante Aurea Sanabria. Véase *Informe de la Oficina de Inspección de Notarías (ODIN)*, pág. 3.

de resolver el problema de la promovente y que lo estaba haciendo de forma gratuita "ya que el dinero que [é]sta pag[ó] fue por la escritura y las declaratorias de herederos del causante Rufino Rodríguez Fuentes y Aurea Sanabria",[2] y (3) se había comunicado con la señora Rivera Rodríguez, quien se comprometió a conseguir los documentos que faltaban e hizo una declaración jurada en la que aceptó que la *Queja* presentada "se debió a que [ella] no nos proveyó los documentos necesarios para poder realizar nuestro trabajo".[3] El licenciado Montañez Morales incluyó los siguientes anejos: una (1) declaración jurada de la señora Rivera Rodríguez y tres (3) copias de la misma *Certificación de deuda* en relación con la Sucesión de Aurea Sanabria.

Mediante *Resolución* del 22 de junio de 2021, le concedimos un término a la señora Surillo Lebrón para que se expresara en torno a la *Contestación a Queja* presentada por el notario. Así pues, el 9 de agosto de 2021, la promovente presentó un escrito en el que expresó que había visitado en varias ocasiones la oficina del licenciado Montañez, donde se le sugería que hablara con la señora Rivera Rodríguez, pero que ésta última, a su vez, le decía que se comunicara con el notario para preguntarle sobre la escritura de la propiedad. También expresó que desconocía que "no había escritura del terreno, [pues] lo que [le] decía[n] era que no tenía que ir al [R]egistro de la

---

[2]    Véase *Contestación a la Queja*, págs. 1-2.

[3]    Íd., pág. 2.

[P]ropiedad porque era privada [y] el documento que [le] entregaron [era] de compraventa".[4]

Así las cosas, el 8 de octubre de 2021, referimos el asunto a la Oficina de Inspección de Notarías (ODIN) para investigación e informe. El 27 de diciembre de 2021, la ODIN presentó su Informe y, entre otros asuntos, indicó que en la Escritura Núm. 86 sobre Compraventa (Escritura Núm. 86) autorizada por el licenciado Montañez Morales el 15 de noviembre de 2018 no constaba una advertencia específica sobre la presentación de la copia certificada, de los documentos previos y los complementarios ante el Registro de la Propiedad (Registro).[5] A raíz de esto, la ODIN nos recomendó que: (1) amonestáramos al notario para que en el futuro empleara mayor diligencia al instrumentar la voluntad de las personas otorgantes y al consignar en el instrumento público las aclaraciones y advertencias

---

[4]   Véase *Carta del 9 de agosto de 2021*, pág. 1.

[5]   En particular, la Oficina de Inspección de Notarías (ODIN) concluyó que el licenciado Montañez Morales —en su carácter de abogado— se comprometió a obtener ciertas declaratorias de herederos ante el Tribunal de Primera Instancia y —en su carácter de notario— a instrumentar una escritura de compraventa sobre una propiedad que pertenecía a una comunidad hereditaria. En ese sentido, la ODIN afirmó que las declaratorias de herederos, así como otros documentos complementarios, eran necesarios para inscribir a los vendedores como titulares registrales y de esa forma establecer el tracto para que la escritura de compraventa tuviera acceso al Registro. Es por esto que la ODIN razonó que el notario debió consignar en el instrumento público una advertencia específica sobre la ausencia de tracto registral, los documentos previos requeridos por el estado de derecho vigente para establecerlo y la persona que tramitaría dichos documentos en las dependencias gubernamentales.

Al omitir dicha advertencia, la ODIN concluyó que el licenciado Montañez Morales incumplió con el Art. 15(f) de la Ley Notarial de 1987, 4 LPRA sec. 2033(f), y faltó a su deber de ejercer con diligencia su función notarial en conformidad con el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 18. Véase *Informe de la ODIN*, págs. 6-7.

relevantes al acto o negocio jurídico válido, de forma tal que éstas dieran su consentimiento informado y se evitaran reclamaciones futuras, y (2) emitiéramos una orden al notario para que informara y acreditara, tanto a este Foro como a la ODIN, el recibo de las certificaciones del Departamento de Hacienda sobre los caudales relictos y la presentación de la Escritura Núm. 86 ante el Registro.[6]

El 18 de enero de 2022, emitimos una *Resolución* mediante la cual le concedimos un término a la señora Surillo Lebrón para que se expresara sobre el Informe de la ODIN. En cumplimiento de orden, el 11 de febrero de 2022, la promovente presentó una carta en la que aceptó las recomendaciones de la ODIN, solicitó que se le informara sobre todos los trámites en el caso, ya que desconocía cómo se llevaban los procesos relacionados a éste, e informó que el representante legal del notario la había llamado para citarla a su oficina, pero luego canceló. En la misma fecha, el licenciado Montañez Morales presentó un escrito en el cual expuso lo siguiente:

> Hemos recibido un Informe relacionado con la Queja de referencia [y] le informamos a este [T]ribunal que estamos realizando todas las gestiones necesarias para que la parte

---

[6]   En aquella ocasión, como parte de su Informe, la ODIN recomendó una amonestación al licenciado Montañez Morales y, en lo pertinente, expresó lo siguiente:

> [T]omamos en cuenta que el [notario] fue censurado y apercibido previamente por su conducta notarial, luego de 27 años en el ejercicio de la profesión. Sin embargo, en su falta de diligencia por no consignar una advertencia importante en el instrumento público[,] no medió ánimo de lucro. Al igual, manifestó que realiza a su costo las gestiones para que pueda presentar la escritura pública ante el [Registro]. Demostró, igualmente, su disponibilidad para resolver la situación. Véase *Informe de la ODIN*, pág. 8.

[c]ompradora pueda inscribir la misma en el Registro de la Propiedad de Guayama[.] En relación a lo que afirmó la querellante y compradora Sra. Olga [Surillo] [de] que no había escritura del terreno y que reiter[ó] su solicitud para que le entreguen la copia de la escritura de compraventa[,] no entendemos a qu[é] se refiere ya que se le entregó la escritura en donde se describe el solar y no se describió la estructura porque la misma no estaba habitable como vivienda según expresaron las partes. A la Sra. Surillo se le indicó que no podía presentar la [e]scritura hasta tanto se finalizara el trabajo que la Sra. Iliana Rodríguez se comprometió a [hacer]. La Sra. Rodríguez ha tenido varios inconvenientes en lo prometido [y] señalado en la declaración jurada que [é]sta sometió anteriormente y nuestra secretaria ha realizado las gestiones relacionadas con las Planillas de Caudal Relicto de los causantes. La Planilla de la causante [Aurea Sanabria] fue emitida y estamos en espera de la copia certificada de la Resolución de Declaratoria de Herederos para presentarla al Registro de la Propiedad en el Sistema Karibe.

Dicha escritura se otorgó en el tiempo que había transcurrido el Huracán María y la Sra. Surillo tiene conocimiento [de] que no teníamos oficina y estábamos trabajando en una Funeraria en la parte de la Floristería y que no teníamos en aquel momento documentos relacionados con la propiedad, s[ó]lo la declaratoria de herederos de la causante y el poder y protocolización que nos había suplido la [v]endedora.

Le indicamos a este [T]ribunal que estamos en la mejor disposición de presentar dicha escritura al Registro de la Propiedad y a corregir los errores mediante acta que existan en dicha escritura.

Tan pronto se nos envíen todos los documentos y presentemos al Registro de la Propiedad se harán llegar los mismos[,] por lo que solicitamos se nos conceda el término de 30 días.

Luego de evaluar el Informe de la ODIN, así como los escritos presentados por la promovente y el notario el

11 de febrero de 2022, el 18 de marzo de 2022 emitimos una *Resolución* mediante la cual expresamos, en lo pertinente, lo siguiente:

> [S]e le ordena al licenciado Montañez Morales mantener informado a la ODIN y a este Tribunal sobre la presentación de la escritura en cuestión. Una vez se acredite lo anterior, se procederá con la disposición de la queja.

Posteriormente, el 1 de julio de 2022, el licenciado Montañez Morales presentó ante este Foro una carta mediante la cual nos indicó que había presentado en el Registro una instancia relacionada con la propiedad de la señora Surillo Lebrón. Específicamente, incluyó un recibo de presentación del 25 de junio de 2022 relacionado con la causante Aurea Sanabria, hija del causante Rufino Fuentes.

Más adelante, el 12 de octubre de 2022, emitimos una *Resolución* en la que le concedimos al notario un término de veinte (20) días para que nos informara sobre el estado de: (1) la inscripción de la instancia presentada en el Registro el 25 de junio de 2022; (2) la presentación e inscripción de la Escritura Núm. 86 sobre Compraventa del 15 de noviembre de 2018, y (3) la declaratoria de herederos del Sr. Rufino Fuentes.

En cumplimiento de orden, el 4 de noviembre de 2022, el licenciado Montañez Morales compareció ante este Tribunal mediante una *Moción informativa* para notificar sobre ciertas gestiones realizadas, las cuales -según éste- habían dilatado la tramitación del asunto objeto del presente caso. Además, nos solicitó un término adicional de treinta (30)

días para cumplir con nuestra *Resolución* del 12 de octubre de 2022. En su moción, el notario incluyó varios anejos, a saber: (1) la Resolución de la Declaratoria de Herederos del Sr. Rufino Fuentes, la planilla de caudal relicto e instancia presentada en el Registro; (2) la Resolución de la Declaratoria de Herederos de la Sra. Aurea Sanabria, la planilla de caudal relicto e instancia presentada en el Registro; (3) la Resolución de la Declaratoria de Herederos de la Sra. María Cabrera, y (4) la Resolución de la Declaratoria de Herederos de la Sra. María Fuentes.

El 9 de noviembre de 2022, emitimos una *Resolución* en la que declaramos *Ha Lugar* la moción presentada por el licenciado Montañez Morales, por lo que le concedimos un término de treinta (30) días para cumplir con nuestra *Resolución* del 12 de octubre de 2022. A su vez, le indicamos que una vez que se acreditara el cumplimiento con lo ordenado, procederíamos con la disposición de la *Queja*.

Fuera del término concedido para cumplir con lo ordenado, el notario presentó una carta ante este Foro el 14 de diciembre de 2022, en la cual nos informó que su trabajo en la oficina se había retrasado debido a la convalecencia de su secretaria, quien tuvo que ser intervenida quirúrgicamente. Asimismo, nos adelantó que había realizado varias gestiones dirigidas a cumplir con lo ordenado por este Tribunal.[7] No obstante, pidió excusas a

---

[7] El licenciado Montañez Morales incluyó los siguientes anejos, todos relacionados con la causante, la Sra. María Fuentes: Petición de

este Foro e indicó que estaba en la mejor disposición de presentar la Escritura Núm. 86, pero que antes debía cumplir con otros documentos requeridos para que se pudiera establecer el tracto y así lograr acceso al Registro.[8]

Cónsono con lo anterior, el 21 de diciembre de 2022 emitimos una *Resolución* en la cual le concedimos al licenciado Montañez Morales un término de treinta (30) días para que cumpliera con nuestra *Resolución* del 12 de octubre de 2022. Nuevamente le indicamos que una vez que acreditara el cumplimiento con lo ordenado, procederíamos con la disposición de la *Queja*. **Vencido el término concedido, el notario no compareció.**

Posteriormente, el 31 de enero de 2023 emitimos otra *Resolución* mediante la cual le concedimos al licenciado Montañez Morales un término de treinta (30) para cumplir con lo ordenado por este Tribunal el 12 de octubre de 2022, so pena de la imposición de medidas disciplinarias. Además, le indicamos que una vez acreditara el cumplimiento con lo ordenado, se procedería con la disposición de la *Queja*. **Transcurrido el término concedido, el notario no compareció.**

El 17 de marzo de 2023 emitimos una *Resolución* en la que concedimos al licenciado Montañez Morales un término de diez (10) días para que mostrara causa por la cual no debía ser suspendido de la práctica de la notaría debido a su

---

planilla de caudal relicto, Solicitud de Certificación de persona fallecida en ASUME, y Resolución sobre Declaratoria de Herederos.

[8] Véase *Carta del 9 de diciembre de 2022 (presentada el 14 de diciembre de 2022)*, pág. 1.

incumplimiento con las órdenes de este Tribunal. Ante esto, el notario compareció el 24 de marzo de 2023 mediante una *Moción informativa y petición*. En síntesis, el licenciado Montañez Morales se excusó y manifestó que nunca fue su intención desobedecer nuestras órdenes. Alegó que su secretaria, por error, envió la moción informativa a otra dirección mediante correo certificado el 30 de enero de 2023. Así pues, adujo que dicha moción fue recibida por el Sr. Nelson Galera, quien le informó que llevó la mencionada moción a la ODIN. Según el notario, después de que su secretaria se comunicó con la ODIN, dicha dependencia consiguió el escrito y le indicó que había sido archivado en un expediente.

Asimismo, en su *Moción informativa y petición*, el notario expresó que sólo faltaba que compareciera el Sr. Jimmy Cabrera para así poder presentar la Escritura Núm. 86. Al respecto, señaló que le envió a éste una carta mediante correo certificado, pero la misma no fue recibida. Ante ese escenario, expuso que la única opción que tenía era llevar un caso ante el Tribunal de Primera Instancia, Sala de Patillas, para que el alguacil compareciera en representación del desconocido mediante un acta de ratificación con el fin de presentar la escritura en cuestión. Por último, el licenciado Montañez Morales manifestó que había tenido varios problemas con su secretaria, quien es su hermana, debido a la condición de salud de ésta, pero estaba en la mejor disposición de

concluir este asunto. Ante esto, nos solicitó que se le permitiera presentar el caso ante el foro de instancia para el trámite correspondiente.

Examinada la *Moción informativa y petición* presentada por el notario, el 31 de marzo de 2023 emitimos una *Resolución* mediante la cual dimos por cumplida nuestra orden del 17 de marzo de 2023 y le concedimos al licenciado Montañez Morales un término de sesenta (60) días para que nos informara sobre las diligencias realizadas en cuanto a la presentación e inscripción de la Escritura Núm. 86. Una vez más le indicamos que una vez acreditara el cumplimiento con dicho asunto, procederíamos con la disposición de la *Queja*. **Vencido el término concedido, el notario no compareció.**

Por último, el 14 de junio de 2023, emitimos una *Resolución* en la que le concedimos al licenciado Montañez Morales un término final de treinta (30) días para que cumpliera con nuestra *Resolución* del 31 de marzo de 2023 en vías de que nos informara sobre las diligencias realizadas en relación con la presentación e inscripción de la Escritura Núm. 86. Además, le apercibimos que, de no comparecer en dicho término, se exponía a la imposición de sanciones disciplinarias severas, incluyendo la separación de la abogacía y la notaría. **Transcurrido el término concedido, el notario no compareció.**

A la luz de los hechos antes expuestos, procedemos a disponer del asunto ante nuestra consideración.

## II

Como parte fundamental de nuestra facultad para regular la profesión jurídica en Puerto Rico, este Tribunal viene obligado a asegurarse que los profesionales del Derecho que son admitidos al ejercicio de la abogacía y la notaría realicen sus funciones de forma competente, responsable y diligente. *In re* Meléndez Artau, 2023 TSPR 60, 212 DPR ___ (2023); *In re* Colón Olivo I, 2023 TSPR 2, 211 DPR ___ (2023); *In re* Lewis Maymó, 205 DPR 397, 402 (2020).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que todos los miembros de la profesión jurídica se conduzcan ante los tribunales con una conducta que se caracterice por el mayor respeto. *In re* Lajara Radinson, 207 DPR 854, 863 (2021); *In re* Cintrón Rodríguez, 205 DPR 299, 308 (2020); *In re* Alers Morales, 204 DPR 515, 519 (2020). Según dicho mandato, este Foro ha insistido en el ineludible deber que tienen todos los abogados de cumplir con diligencia y prontitud las órdenes de este Tribunal, en particular cuando se trata de procesos disciplinarios. *In re* Wilamo Guzmán, 2023 TSPR 61, 212 DPR ___ (2023); *In re* Bauzá Tirado, 2023 TSPR 34, 211 DPR ___ (2023); *In re* Maldonado Trinidad, 209 DPR 1032 (2022); *In re* Bermúdez Tejero, 206 DPR 86, 94 (2021).

Asimismo, este Foro ha expresado que el mencionado deber de cumplir con nuestras órdenes "se extiende a los requerimientos hechos por la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de

Educación Jurídica Continua". *In re* Bermúdez Tejero, *supra*, pág. 94; *In re* Malavé Haddock, 207 DPR 573, 582 (2021). De acuerdo con lo expuesto, hemos catalogado la desatención de nuestras órdenes por parte de los abogados como una afrenta a la autoridad de los tribunales, lo que significa una violación al Canon 9 del Código de Ética Profesional, *supra*, y tal conducta es suficiente para decretar la separación inmediata e indefinida de la profesión legal. *In re* Colón Olivo I, *supra*; *In re* Bermúdez Tejero, *supra*, pág. 95; *In re* López Pérez, 201 DPR 123, 126 (2018).

III

De acuerdo a los hechos reseñados, resulta evidente que **ha transcurrido en exceso el término concedido al licenciado Montañez Morales para que cumpliera con nuestra *Resolución* del 14 de junio de 2023.** En específico, ha transcurrido más de un (1) mes a partir del 14 de julio de 2023, fecha de vencimiento del término final de treinta (30) días -contado a partir de la notificación- que le concedimos al notario.

Conviene destacar que del historial expuesto surge que, hasta el 24 de marzo de 2023, el licenciado Montañez Morales había mantenido informado a este Tribunal sobre las gestiones conducentes a cumplir con lo ordenado. No obstante, luego de esa fecha no ha comparecido ante este Foro, a pesar de las oportunidades provistas mediante la *Resolución* del 31 de marzo de 2023 y la *Resolución* del 14 de junio de 2023.

En particular, el licenciado Montañez Morales no nos ha informado sobre las diligencias realizadas, si alguna, en relación con la presentación e inscripción de la Escritura Núm. 86. Ello a pesar de que le apercibimos que, de no comparecer en el término final concedido, se exponía a la imposición de sanciones disciplinarias severas, incluyendo la separación de la abogacía y la notaría.

Evidentemente, el licenciado Montañez Morales ha incurrido en un claro incumplimiento con los postulados del Canon 9 del Código de Ética Profesional, *supra*, al desatender lo ordenado por este Tribunal.

El comportamiento del notario refleja un incumplimiento voluntario que se aleja de la conducta de respeto hacia los tribunales que requiere el Canon 9 del Código de Ética Profesional, *supra*, a todos los miembros de la profesión jurídica. Ante esta realidad, y conforme a nuestro poder inherente de reglamentar el ejercicio de la abogacía, procedemos a decretar la suspensión inmediata e indefinida del licenciado Montañez Morales del ejercicio de la abogacía y la notaría.

IV

Por las razones antes expuestas, suspendemos de forma inmediata e indefinida al Lcdo. Ángel L. Montañez Morales del ejercicio de la abogacía y la notaría. En consecuencia, se ordena al Alguacil de este Tribunal a incautar la obra notarial que se encuentra bajo su custodia al igual que su

sello notarial para entregarlos al Director de la ODIN para el correspondiente examen e informe.

Además, el señor Montañez Morales deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

A su vez, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se le apercibe al señor Montañez Morales que esta acción disciplinaria no le exime de realizar, a sus expensas, todas las diligencias relacionadas con la presentación e inscripción de la Escritura Núm. 86 sobre Compraventa autorizada el 15 de noviembre de 2018, de lo

cual deberá mantener informados a la ODIN y a este Tribunal. Esa obligación subsiste, por lo que deberá contratar, a su costo, a un notario que le asista en dicho proceso. El incumplimiento con lo antes mencionado podría dar base a ser referido a un procedimiento de desacato, así como tomarse en cuenta en una solicitud de reinstalación a la profesión legal, de así solicitarlo en el futuro.

En virtud de la suspensión ordenada mediante esta Opinión *Per Curiam*, se ordena el archivo administrativo del AB-2022-274 hasta que este Tribunal disponga otra cosa.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Ángel L. Montañez Morales          AB-2020-146          Conducta
         (TS-8699)                                      Profesional

SENTENCIA

En San Juan, Puerto Rico a 11 de septiembre de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, suspendemos de forma inmediata e indefinida al Lcdo. Ángel L. Montañez Morales del ejercicio de la abogacía y la notaría.

En consecuencia, se ordena al Alguacil de este Tribunal a incautar la obra notarial que se encuentra bajo su custodia al igual que su sello notarial para entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe.

Además, el señor Montañez Morales deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

A su vez, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se le apercibe *al señor Montañez Morales que esta* acción disciplinaria *no* le exime *de realizar, a sus expensas, todas las diligencias relacionadas con la presentación e inscripción de la* Escritura Núm. 86 sobre Compraventa autorizada el 15 de noviembre de 2018, de lo cual deberá mantener informados a la ODIN y a este Tribunal. *Esa* obligación subsiste, por lo que deberá contratar*, a su costo, a un notario que le asista en dicho proceso. El incumplimiento con lo antes mencionado podría dar base a ser referido a un procedimiento de desacato, así como tomarse* en cuenta en una solicitud de reinstalación a la profesión legal, de así solicitarlo en el futuro.

En conformidad a la suspensión ordenada mediante la Opinión *Per Curiam* y esta Sentencia, se ordena el archivo administrativo del AB-2022-274 hasta que este Tribunal disponga otra cosa.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. Los Jueces Asociados señor Rivera García y señor Colón Pérez no intervinieron.

> Javier O. Sepúlveda Rodríguez
> Secretario del Tribunal Supremo