EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> José A. Soto Peña <br> (TS-12,878) | 2024 TSPR 23 <br><br> 213 DPR ___ |

Número del Caso: CP-2017-0001

Fecha: 12 de marzo de 2024

Oficina del Procurador General:

     Lcdo. Joseph G. Feldstein Del Valle
     Subprocurador General

     Lcda. Mabel Sotomayor Hernández
     Subprocuradora General

     Lcda. Minnie H. Rodríguez López
     Procuradora General Auxiliar

     Lcda. Yaizamarie Lugo Fontánez
     Procuradora General Auxiliar

     Lcda. Noemí Rivera de León
     Procuradora General Auxiliar

Comisionado Especial:

     Hon. Gerardo Flores García

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por infracción a los Cánones 9, 12 y 38 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

José A. Soto Peña          CP-2017-1       Conducta
    (TS-12,878)                             Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 12 de marzo de 2024.

Nuevamente tenemos la obligación de disciplinar a un abogado por su conducta antiética. Esta vez, por infracciones a los Cánones 9, 12 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX.

En conformidad con los fundamentos que expondremos a continuación, procedemos a suspender de forma inmediata e indefinida al Lcdo. José A. Soto Peña (licenciado Soto Peña o abogado) del ejercicio de la abogacía.

I

El licenciado Soto Peña fue admitido al ejercicio de la abogacía el 13 de julio de 1999 y prestó juramento como notario el 4 de enero de 2000.[1]

A. Trasfondo fáctico y procesal de la Queja AB-2014-90

1. Alegaciones de la Queja

El 5 de marzo de 2014, la Hon. Karla S. Mellado Delgado emitió una *Resolución* en el caso Eduardo Jiménez García v. Avis Budget de Puerto Rico, Inc., et als., Caso Civil Núm. CDP-2012-0078 (Caso Civil Núm. CDP-2012-0078), mediante la cual elevó los autos de dicho expediente ante este Tribunal por razón del reiterado incumplimiento del abogado con las órdenes emitidas por el foro de instancia en el mencionado pleito.

Según surge de dicha *Resolución*, el licenciado Soto Peña no compareció -en representación de la parte demandante- a la conferencia inicial del caso celebrada el 16 de enero de 2013. Ante esto, el tribunal de instancia le ordenó al abogado cancelar el arancel de suspensión y

---

[1] Mediante Opinión *Per Curiam* emitida el 27 de febrero de 2017, ordenamos la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del Lcdo. José A. Soto Peña (licenciado Soto Peña o abogado) debido a su incumplimiento con las órdenes de este Tribunal y con los requisitos de educación jurídica continua.

Más adelante, mediante *Resolución* del 2 de diciembre de 2019, ordenamos la reinstalación del abogado al ejercicio de la abogacía y reactivamos la Querella CP-2017-1 -objeto de este recurso- y la Queja AB-2018-118, las cuales fueron archivadas administrativamente por motivo de la suspensión del licenciado Soto Peña. Cabe destacar que, mediante *Resolución* del 4 de diciembre de 2020, censuramos enérgicamente al licenciado Soto Peña en la Queja AB-2018-118, le apercibimos que en el futuro debía ser más cuidadoso en el cumplimiento de sus deberes éticos, so pena de otras sanciones disciplinarias, y ordenamos el archivo del asunto.

mostrar causa por su incomparecencia, so pena de la imposición de sanciones.[2] Asimismo, el foro de instancia reseñaló la conferencia inicial para el 20 de febrero de 2013, pero el licenciado Soto Peña tampoco compareció en esa fecha. Debido a que éste no cumplió con la cancelación del arancel de suspensión ni con la orden de mostrar causa del 16 de enero de 2013, el tribunal de instancia le impuso una sanción económica de $200 por ambas incomparecencias y la cancelación del arancel de suspensión por la vista del 20 de febrero de 2013; esto debía satisfacerse en un término de diez (10) días. Además, el foro de instancia le ordenó al abogado que contestara -en un término de diez (10) días- un interrogatorio pendiente y se comunicara con el abogado de la parte demandada para que se presentara -en un término de quince (15) días- el Informe de Manejo del Caso. Sin embargo, el licenciado Soto Peña incumplió nuevamente.

Más adelante, la parte demandada presentó una *Solicitud de desestimación* en el caso y no hubo oposición de la parte demandante -representada por el abogado-. Así las cosas, el 19 de marzo de 2013, el tribunal de instancia dictó una *Sentencia* mediante la cual desestimó la demanda al concluir

---

[2] Valga mencionar que ni las partes ni sus abogados comparecieron a la conferencia inicial del caso. Así las cosas, el tribunal de instancia concedió un término a los abogados para la cancelación del arancel de suspensión y les ordenó mostrar causa por su incomparecencia. El abogado de la parte demandada compareció y presentó sus excusas por la tardanza, por lo que el foro de instancia dejó sin efecto la cancelación del arancel de suspensión y la orden de mostrar causa en cuanto a éste, pero mantuvo la orden en cuanto al licenciado Soto Peña. Véase *Minuta del 16 de enero de 2013*, Anejos de la Querella, pág. 11.

que no procedía la causa de acción en daños y perjuicios en contra de la parte demandada.

Dado que el licenciado Soto Peña no cumplió con lo ordenado el 20 de febrero de 2013, el foro de instancia dictó una orden el 6 de junio de 2013 para concederle a éste un término final de quince (15) días para pagar los aranceles de suspensión adeudados por $40 y las sanciones impuestas por $200, so pena de sanciones adicionales y/o elevar el expediente al Tribunal Supremo.[3]

Al no recibir respuesta del abogado, el 12 de julio de 2013, el foro de instancia emitió una orden mediante la cual le impuso una sanción adicional de $300 por su reiterado incumplimiento con las órdenes del tribunal. Así pues, se le concedió un término de quince (15) días para pagar la totalidad de las sanciones impuestas ($500) y los aranceles de suspensión adeudados ($40), so pena de elevar el expediente al Tribunal Supremo. El 16 de agosto de 2013, luego de vencido dicho término, el licenciado Soto Peña presentó ante el tribunal de instancia una *Moción urgente solicitando prórroga*. En ésta expresó que había tenido problemas de salud y de transportación para cumplir con lo ordenado por el foro de instancia, por lo que solicitó una prórroga para pagar las penalidades adeudadas. Ante esto, el 19 de agosto de 2013, el tribunal de instancia le concedió un término de treinta (30) días para que

---

[3] Véase *Orden del 6 de junio de 2013*, Anejos de la Querella, pág. 16.

cumpliera con lo ordenado, pero el abogado incumplió nuevamente.

Mediante *Orden* del 7 de octubre de 2013, el foro de instancia le impuso al licenciado Soto Peña una sanción adicional de $100 y le concedió un término final de diez (10) días para que pagara las sanciones impuestas y cancelara los aranceles de suspensión adeudados. Transcurrido el término concedido y sin haber recibido respuesta del abogado, el 6 de noviembre de 2013 el tribunal de instancia le concedió nuevamente un término de diez (10) días para pagar la totalidad de las sanciones ($600) y los aranceles de suspensión ($40), so pena de elevar el expediente al Tribunal Supremo. Una vez más, el licenciado Soto Peña no cumplió.

Así las cosas, en cumplimiento con el Canon 7 de Ética Judicial, 4 LPRA Ap. IV-B,[4] la Hon. Karla S. Mellado Delgado elevó el expediente del caso ante este Tribunal el 5 de marzo de 2014 para que se evaluara la conducta del abogado ante su reiterado incumplimiento con las órdenes del foro de instancia. En particular, expuso que "[l]a actitud del [licenciado Soto Peña] ha sido en claro menosprecio a las

---

[4] En lo pertinente, el Canon 7 de Ética Judicial, 4 LPRA Ap. IV-B, dispone lo siguiente:

> Cuando los hechos les consten personalmente, las juezas y los jueces promoverán y cooperarán con los procedimientos disciplinarios que procedan contra cualquier jueza, juez, abogada, abogado, funcionaria, funcionario, empleada o empleado de la Rama Judicial que actúe contrario a lo dispuesto en los cánones, en las normas administrativas, reglamentos y leyes vigentes.

. . . . . . . .

órdenes del tribunal, lo que constituye una clara violación al Canon 9 de Ética Profesional".[5]

Mediante *Resolución* de 17 de junio de 2014, le concedimos un término de veinte (20) días al abogado para que se expresara sobre el asunto.

2. Reacción a la Queja

Oportunamente, el 15 de julio de 2014, el licenciado Soto Peña compareció ante este Tribunal con una *Moción* en la que manifestó que nunca fue su intención desobedecer las órdenes del foro de instancia; que hizo gestiones para conseguir el dinero y pagar las sanciones impuestas, pero tales gestiones fueron infructuosas; que su práctica privada de la profesión era muy limitada, por lo que poder cumplir con los gastos de educación jurídica continua y otros gastos le habían obstaculizado el ahorro, y que estaba tramitando la venta de libros y su vehículo de motor para poder sufragar las sanciones impuestas, ya que no tenía crédito para tomar un préstamo. Por todo lo cual, nos solicitó un breve término final para conseguir la cantidad de $640 para pagar las sanciones impuestas y los aranceles adeudados.

Atendida la *Moción* presentada por el abogado, el 27 de marzo de 2015 emitimos una *Resolución* mediante la cual referimos el asunto a la Oficina de la Procuradora General para la investigación y el informe correspondiente.

---

[5]   Véase *Resolución*, Anejos de la Querella, pág. 10.

### 3. Informe de la Oficina del Procurador General y presentación de la Querella

El 19 de mayo de 2015, la Oficina de la Procuradora General presentó su Informe.[6] En éste, reseñó los asuntos relacionados con la Queja y la reacción a la Queja. Como cuestión de umbral, dejó claro que el análisis de la Queja se ceñía al asunto del incumplimiento del licenciado Soto Peña con las órdenes dictadas por el foro de instancia y no sobre el desempeño de éste en la representación legal provista a sus clientes en el Caso Civil Núm. CDP-2012-0078.

Específicamente, la Oficina de la Procuradora General manifestó que el abogado: (1) no cumplió con la Orden emitida por el tribunal de instancia el 8 de mayo de 2012 relacionada con el diligenciamiento de los emplazamientos en el mencionado caso; (2) no asistió a las vistas del 16 de enero de 2013 ni del 20 de febrero de 2013; (3) no presentó escrito alguno para excusar su incomparecencia en ambas fechas, y (3) no cumplió con las órdenes emitidas por el foro de instancia relacionadas con el pago de las sanciones impuestas y los aranceles adeudados.

En vista de lo anterior, la Oficina de la Procuradora General expuso que de los hechos que se evidenciaban en los anejos del Informe, así como del expediente judicial del Caso Civil Núm. CDP-2012-0078, se desprendía una

---

[6] Para esa fecha, la Procuradora General de Puerto Rico era la Hon. Margarita Mercado Echegaray.

conducta constitutiva de violación a los Cánones 9, 12 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX.[7]

En su Informe, la Oficina de la Procuradora General mencionó que la conducta del licenciado Soto Peña, además de constituir una violación al Canon 9 del Código de Ética Profesional, *supra,* por desatender las órdenes judiciales, también constituía una violación al Canon 12 del Código de Ética Profesional, *supra*, por causar demoras injustificadas en el trámite y la disposición final del caso.

A su vez, la Oficina de la Procuradora General expuso que, a la luz de la totalidad de los hechos y según surgía del expediente judicial del Caso Civil Núm. CDP-20 12-0078, también se demostraba una conducta impropia de parte del abogado, lo que acarreaba una violación al Canon 38 del Código de Ética Profesional, *supra*. Al respecto, la Oficina de la Procuradora General indicó lo siguiente en su Informe:

> Señalamos que de los expedientes revisados[,] el licenciado Soto Peña no ha evidenciado un interés real y serio en cumplir con las sanciones que le fueron impuestas. El [abogado] en este asunto sometió dos prórrogas para el pago de los aranceles de suspensión y las sanciones impuestas, una al final del caso en el Tribunal de Primera Instancia y la otra dentro de su comparecencia en este proceso. A pesar del tiempo transcurrido[,] no hay siquiera evidencia ante este Honorable Tribunal de un depósito parcial (por menor que sea) de parte del letrado que pudiera ser considerado como su compromiso y buena fe en sufragar dicha suma de

---

[7]    Véase *Informe de la Procuradora General*, Anejos de la Querella, pág. 4.

dinero y dar estricto cumplimiento a las órdenes emitidas.[8]

El 31 de agosto de 2015 emitimos una *Resolución* mediante la cual le concedimos al licenciado Soto Peña un término de veinte (20) días para que se expresara sobre el Informe presentado por la Oficina de la Procuradora General.[9] Allí le apercibimos que, de no comparecer en el término provisto, se entendería que se allanaba a las recomendaciones formuladas en el mencionado Informe.

Transcurrido el término concedido al abogado para comparecer ante este Tribunal, lo que no hizo, y a la luz del Informe presentado por la Oficina de la Procuradora General, el 18 de noviembre de 2016 le ordenamos a dicha oficina que procediera con la presentación de la Querella.[10]

Entretanto, el 27 de febrero de 2017 emitimos una Opinión *Per Curiam* mediante la cual ordenamos la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado Soto Peña por incumplir con las órdenes de este Tribunal y con los requisitos de educación jurídica continua.[11]

---

[8]    Véase *Informe de la Procuradora General*, Anejos de la Querella, págs. 4-5.

[9]    El archivo en autos de copia de la *Resolución* fue el 8 de septiembre de 2015.

[10]    El archivo en autos de copia de la *Resolución* fue el 23 de noviembre de 2016.

[11]    Esta suspensión advino final y firme el 24 de marzo de 2017.

Así las cosas, el 9 de marzo de 2017, la Oficina del Procurador General presentó la Querella.[12] En ésta, reiteró la relación de hechos y el análisis expuestos en su Informe del 19 de mayo de 2015. Asimismo, presentó los cargos siguientes en contra del abogado: (1) **Cargo I:** por infringir el Canon 9 del Código de Ética Profesional, *supra*, al desatender las órdenes emitidas por el tribunal de instancia en el Caso Civil Núm. CDP-20 12-0078; (2) **Cargo II:** por violación al Canon 12 del Código de Ética Profesional, *supra*, al causar dilaciones innecesarias en el trámite y la disposición final del caso, y (3) **Cargo III:** por infringir el Canon 38 del Código de Ética Profesional, *supra*, al incurrir en conducta impropia en la tramitación del mencionado caso y no esforzarse al máximo de su capacidad en exaltar el honor y la dignidad de la profesión legal.

Más adelante, el 2 de diciembre de 2019, ordenamos la reinstalación del licenciado Soto Peña al ejercicio de la abogacía y reactivamos la Querella objeto de este recurso, la cual había sido archivada administrativamente por razón de la suspensión del abogado.

Una vez se reactivó la Querella, y en vista de que el licenciado Soto Peña no había contestado la misma, el 19 de mayo de 2021 concedimos un término de quince (15) días para que presentara su contestación. Además, le

---

[12] Para ese momento, el Procurador General de Puerto Rico era el Hon. Luis R. Román Negrón.

apercibimos al abogado que, de no comparecer en el término provisto, se entendería que se allanaba a las alegaciones formuladas por el Procurador General en la Querella.[13] El licenciado Soto Peña no compareció ante este Tribunal.

4. Proceso disciplinario ante el Comisionado Especial

El 22 de febrero de 2022 designamos al Lcdo. Gerardo Flores García (Comisionado Especial) para que atendiera los procedimientos de la Querella que nos ocupa y presentara un Informe con las determinaciones de hechos y recomendaciones que estimara pertinentes. Así pues, el 28 de febrero de 2022, éste emitió una Orden para que las partes proveyeran -en o antes del 18 de marzo de 2022- una lista de la prueba que interesaban presentar en la vista en su fondo y, a su vez, los citó para una vista sobre el estado de los procedimientos a celebrarse el 31 de marzo de 2022. Así, en cumplimiento de orden, el 17 de marzo de 2022 la Oficina del Procurador General presentó su lista. No obstante, el abogado incumplió con la Orden. Ante ese cuadro, el Comisionado Especial mantuvo vigente el señalamiento de la vista.

Llegado el día de la vista, la cual se realizó por medio de videoconferencia, comparecieron la Lcda. Noemí Rivera de León (en representación de la Oficina del Procurador General) y el licenciado Soto Peña. Al inicio, el Comisionado Especial recalcó que había dado una Orden

---

[13] El archivo en autos de copia de la *Resolución* fue el 21 de mayo de 2021.

para la presentación de prueba previo a la vista en su fondo, pero que el abogado no había presentado documento alguno ni su contestación a la Querella. En vista de lo anterior, le cuestionó al licenciado Soto Peña si mantenía al día su información en el Registro Único de Abogados y Abogadas, a lo que el abogado contestó que sí. Seguido, el licenciado Soto Peña expresó que era consciente de que el asunto llevaba unos años y que desconocía si podía expresarse sobre la Querella en esa etapa, a lo cual el Comisionado Especial le indicó que se le permitía presentar prueba escrita, así como su contestación a la Querella. Asimismo, el abogado expuso que estaba enfrentando una situación económica bien difícil y, además, estaba pasando por un proceso con una persona con la condición de Parkinson, por lo que solicitó un término razonable para cumplir con el pago de las sanciones pendientes. De igual forma, añadió que una vez que cumpliera con dicho pago, entonces estaría en mejor posición para presentar su contestación a la Querella y las pruebas solicitadas por el Comisionado Especial.

Así las cosas, el Comisionado Especial le concedió al licenciado Soto Peña un término vencedero el 2 de mayo de 2022 para que cumpliera con la Orden del 28 de febrero de 2022 y presentara su contestación a la Querella. Por su parte, la Oficina del Procurador General solicitó un término para expresarse una vez el abogado contestara la Querella, lo cual fue concedido. El

Comisionado Especial señaló la vista en su fondo para el 17 de junio de 2022 de forma presencial.

Vencido el término concedido al licenciado Soto Peña, éste no presentó su contestación a la Querella. En vista de tal incumplimiento, el 17 de mayo de 2022, la Oficina del Procurador General solicitó que continuáramos con el procedimiento disciplinario, de forma tal que dicha Oficina pudiese presentar su prueba.

La vista en su fondo se celebró el 17 de junio de 2022 con la comparecencia de la Lcda. Noemí Rivera de León (de la Oficina del Procurador General) y del licenciado Soto Peña. De umbral, el Comisionado Especial le pidió al abogado que se expresara en torno a su incumplimiento con la Orden para que contestara la Querella y anunciara su prueba. El licenciado Soto Peña indicó que no había podido conseguir el dinero para pagar las sanciones impuestas y decidió esperar por las instrucciones del Comisionado Especial en la vista; aceptó su error de no contestar al Tribunal y pidió una nueva oportunidad para cumplir lo ordenado. Seguido, el Comisionado Especial ordenó a la Oficina del Procurador General a presentar su caso y luego le concedió al abogado la oportunidad de exponer sobre los cánones imputados. En particular, el licenciado Soto Peña aceptó los hechos, manifestó que éstos ocurrieron en contravención al Código de Ética Profesional, se allanó a la prueba presentada y solicitó una oportunidad. Mientras, la Oficina del Procurador General expuso que el abogado no

había hecho ni un gesto de buena fe para abonar a la deuda y solicitó que se considerara como elemento agravante la situación de los múltiples incumplimientos en el proceso disciplinario. De esta forma, el Comisionado Especial dio por sometido el caso con la prueba sometida.

El 1 de septiembre de 2023, el Comisionado Especial presentó su Informe, en el cual expuso que se presentó prueba clara, robusta y convincente que apoyaba los cargos imputados. Por consiguiente, determinó que el licenciado Soto Peña infringió los Cánones 9, 12 y 38 del Código de Ética Profesional, *supra*.

En este caso ni el Comisionado Especial ni la Oficina del Procurador General emitieron su recomendación sobre la sanción que pudiera imponerse al abogado.

Así las cosas, el caso quedó sometido en los méritos para su adjudicación el 26 de septiembre de 2023, por lo que procedemos a exponer la normativa aplicable.

## II

En el ejercicio de nuestro poder inherente para regular la abogacía en Puerto Rico, tenemos la obligación de asegurarnos de que los miembros admitidos al ejercicio de la profesión legal realicen sus funciones de manera responsable, competente y diligente. *In re* Rivera Justiniano, 2023 TSPR 82, 2023 DPR ___ (2023); *In re* Valenzuela Flores, 211 DPR 934, 939 (2023); *In re* Vélez Torres, 209 DPR 848, 863 (2022); *In re* Raffucci Caro, 206 DPR 589, 605 (2021).

El Código de Ética Profesional establece las normas mínimas de conducta que rigen la práctica de la abogacía en nuestra jurisdicción, esto con el fin de promover los más altos principios éticos en beneficio del cliente, de la profesión legal, de la sociedad y de las instituciones de justicia. *In re* González Díaz, 201 DPR 145, 150 (2018); *In re* Montalvo Delgado, 196 DPR 541, 549 (2016); *In re* Vera Vélez, 192 DPR 216, 226 (2015).

A. Incumplimiento con los Cánones del Código de Ética Profesional

1. Canon 9 (Conducta del abogado ante los tribunales)

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, requiere que todos los miembros de la profesión jurídica se conduzcan ante los tribunales con el mayor respeto. *In re* Montañez Morales, 2023 TSPR 111, 212 DPR ___ (2023); *In re* Meléndez Artau, 2023 TSPR 60, 212 DPR ___ (2023); *In re* Lajara Radinson, 207 DPR 854, 863 (2021); *In re* Cintrón Rodríguez, 205 DPR 299, 308 (2020). En conformidad a dicho mandato, hemos enfatizado sobre el ineludible deber que tiene todo abogado de cumplir con diligencia y prontitud las órdenes del tribunal. *In re* Wilamo Guzmán, 2023 TSPR 61, 212 DPR ___ (2023); *In re* Valenzuela Flores, 211 DPR 934, 939 (2023); *In re* Bauzá Tirado, 211 DPR 633, 635 (2023); *In re* Maldonado Trinidad, 209 DPR 1032 (2022).

Al respecto, en *In re* Rodríguez Lugo, 201 DPR 729, 736 (2019), expresamos que como corolario del respeto profundo que deben tener los abogados hacia el foro judicial, el

mencionado canon exige a éstos "el comparecer en el tiempo indicado a los señalamientos notificados por el tribunal, así como a cualquier requerimiento u orden emitida por el foro judicial".  Véase, además, *In re* Rivera Navarro, 193 DPR 303, 311-312 (2015).

Asimismo, hemos manifestado que el incumplimiento continuo con las órdenes de un tribunal provoca demoras irrazonables en el trámite de los casos e incide negativamente en la administración de la justicia. *In re* Villalba Ojeda, 203 DPR 572, 578 (2019); *In re* Hoffman Mouriño, 170 DPR 968, 979-980 (2007).

Sabido es que la abogacía cumple una función social de notable importancia por su gran aportación a la realización de la justicia.  Ante esto, el abogado, además de ser defensor de su cliente, es un colaborador de la justicia, por lo que la buena marcha del proceso judicial del País constituye una responsabilidad ineludible de todo integrante de la profesión legal.  *In re* Hoffman Mouriño, *supra*, pág. 980; *In re* Cuevas Borrero, 185 DPR 189, 196 (2012); *In re* Marini Román, 165 DPR 801, 807 (2005).

2. Canon 12 (Puntualidad y tramitación de las causas)

El Canon 12 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 12, le impone a todo abogado el deber de ser conciso y exacto en el trámite y presentación de las causas. Para cumplir con ese deber, en el mencionado canon se plasmó que el abogado deberá "desplegar todas las diligencias

necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución". Íd.

Acorde con el mencionado deber ético, hemos manifestado que el abogado deberá tramitar las causas encomendadas de una forma responsable, puntual y diligente. *In re Maldonado Nieves*, 2023 TSPR 123, 213 DPR ____ (2023); *In re* Cardona Estelritz, 2023 TSPR 100, 212 DPR ____ (2023); *In re* Sánchez Pérez, 210 DPR 235, 262 (2022); *In re* Meléndez Mulero, 208 DPR 541, 551 (2022). Es por ello que el abogado tiene la obligación de realizar todas las diligencias necesarias para asegurarse de no causar demoras indebidas en el trámite y resolución de las causas que se le encomienden. *In re* Meléndez Mulero, *supra*, pág. 551; *In re* Lugo Quiñones I, 206 DPR 1, 10 (2021).

En múltiples ocasiones, hemos expresado que el deber de diligencia es una obligación básica y elemental del abogado hacia su cliente. *In re* Rodríguez Lugo, 201 DPR 729, 737 (2019). Por ello, las actuaciones y omisiones que pongan en riesgo la causa de acción de los clientes configuran una infracción patente del Canon 12. *In re* Meléndez Mulero, *supra,* pág. 551; *In re* López Santiago*,* 203 DPR 1015, 1026-1027 (2020). Este es un deber ineludible que los abogados deben cumplir con gran recelo. *In re* Maldonado Maldonado, 197 DPR 802, 812 (2017).

3. Canon 38 (Preservación del honor y dignidad de la profesión)

El Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 38, instituye el deber de todo abogado de exaltar

el honor y la dignidad de su profesión, y de evitar hasta la apariencia de conducta profesional impropia. Esto significa que todo profesional del Derecho debe desempeñarse de forma escrupulosa y guiado por un alto sentido de responsabilidad, teniendo siempre presente la función social que ejerce y la institución que representa. *In re* Cardona Estelritz, *supra*; *In re* Sánchez Pérez, *supra*, pág. 264; *In re* Rádinson Pérez *et al.*, 204 DPR 522, 542 (2020); *In re* Rivera Rodríguez, 202 DPR 1026, 1053 (2019).

En conformidad con lo anterior, cada abogado debe ser consciente de que es un espejo en el cual se refleja la imagen de la profesión legal. *In re* Sierra Arce, 192 DPR 140, 148 (2014). Así, el abogado es la imagen misma de todo el andamiaje judicial y del valor de la justicia. *In re* Irizarry Rodríguez, 193 DPR 633, 666 (2015).

Además, el Canon 38 del Código de Ética Profesional, *supra*, ordena, incluso, evitar la apariencia de conducta impropia. Sobre este deber, hemos enfatizado en que la confianza, el respeto y la imagen que la sociedad deposita en cada uno de los abogados, en la profesión y en la institución de la justicia desmerece cuando la actuación del abogado representa incorrección. *In re* Irizarry Rodríguez, *supra*, pág. 666.

III

Luego de evaluar la normativa aplicable, así como el expediente del caso y el *Informe* presentado por el Comisionado Especial -con el que coincidimos en su

totalidad-, surgen fundamentos suficientes para llegar a la conclusión de que el abogado actuó en contravención de los Cánones 9, 12 y 38 del Código de Ética Profesional, *supra*.

En síntesis, el licenciado Soto Peña incumplió en reiteradas ocasiones con las órdenes emitidas por el foro de instancia en el Caso Civil Núm. CDP-2012-0078, así como con el pago de las sanciones económicas impuestas y la cancelación de los aranceles de suspensión adeudados, todo para un total de $640. Específicamente, según reseñado en el Informe de la Oficina de la Procuradora General y reiterado en el Informe del Comisionado Especial, el abogado no cumplió con la Orden emitida por el tribunal de instancia el 8 de mayo de 2012 sobre el diligenciamiento de los emplazamientos en el Caso Civil Núm. CDP-2012-0078; no asistió a las vistas pautadas para el 16 de enero de 2013 y el 20 de febrero de 2013; no presentó escrito alguno para excusar su incomparecencia en ambas fechas, y no cumplió con las órdenes emitidas por el foro de instancia relacionadas con el pago de las sanciones impuestas y los aranceles adeudados.

De igual forma, en el proceso disciplinario ante este Tribunal el licenciado Soto Peña no compareció en el término provisto mediante *Resolución* del 31 de agosto de 2015 para que se expresara sobre el Informe de la Oficina de la Procuradora General, a pesar de que le apercibimos que si no comparecía en dicho término entenderíamos que se

allanaba a las recomendaciones formuladas en el mencionado Informe. También, luego de que se reactivara la Querella de epígrafe en diciembre de 2019,[14] el 19 de mayo de 2021 le concedimos un término al abogado para que contestara la misma, pero éste no compareció ante este Tribunal, a pesar de que le apercibimos que si no comparecía en el término provisto se entendería que se allanaba a lo planteado por la Oficina del Procurador General.

Asimismo, en el proceso ante el Comisionado Especial, el licenciado Soto Peña también incumplió con la Orden del 28 de febrero de 2022 para que proveyera una lista de la prueba que le interesaba presentar en la vista en su fondo. Más adelante, el 31 de marzo de 2022, el Comisionado Especial le concedió al abogado un término final para que cumpliera con lo ordenado el 28 de febrero de 2022 y presentara su contestación a la Querella, pero nuevamente el licenciado Soto Peña incumplió.

Nos resulta claro que la conducta exhibida por el abogado constituye descuido e indiferencia ante las órdenes de los foros judiciales y, además, refleja una patente falta de interés en respetar y cumplir los postulados éticos que rigen el ejercicio de la abogacía. Esto debido a que, a pesar de haber sido sancionado económicamente y

---

[14] La Querella fue archivada administrativamente debido a la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del abogado mediante Opinión *Per Curiam* del 27 de febrero de 2017.

apercibido de las consecuencias que podría conllevar su reiterado incumplimiento, el licenciado Soto Peña continuó con su desatención a las órdenes del foro de instancia. Además, en el proceso disciplinario, el abogado continuó con su patrón de incumplimiento, esto ante las órdenes emitidas por el Comisionado Especial y este Tribunal.

También, el descuido y la desatención del licenciado Soto Peña con relación al caso de su cliente (Caso Civil Núm. CDP-2012-0078) y a las órdenes del foro de instancia provocó dilaciones innecesarias en el trámite del mencionado pleito. Esto demuestra una clara falta de diligencia en la tramitación de la causa que le fue encomendada. Precisamente este tipo de conducta impropia es contraria al deber de exaltar el honor y la dignidad de la profesión legal.

Así pues, concluimos que quedó demostrado, con prueba clara, robusta y convincente, que el licenciado Soto Peña infringió los Cánones 9, 12 y 38 del Código de Ética Profesional, *supra*, por lo que las determinaciones del Comisionado Especial merecen nuestra entera deferencia.

## IV

Corresponde que determinemos la sanción disciplinaria a imponerle al abogado por su conducta antiética. Al momento de fijar la misma, procede que evaluemos los factores siguientes: (1) la reputación del abogado en la comunidad; (2) su historial disciplinario; (3) si la conducta es una aislada; (4) si medió ánimo de lucro;

(5) si presentó una defensa frívola de su conducta; (6) si ocasionó perjuicio a alguna parte; (7) si resarció al cliente; (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fue imputada, y (9) otros atenuantes o agravantes que surjan de los hechos. *In re* Rivera Justiniano, *supra*; *In re* Ocasio Bravo, 209 DPR 1043, 1060-1061 (2022); *In re* Vélez Torres, 209 DPR 848, 873 (2022).

En la evaluación de la sanción a aplicarse, consideramos como factores atenuantes que no hubo ánimo de lucro y que el licenciado Soto Peña -ante el Comisionado Especial- aceptó los hechos, manifestó que éstos fueron en violación al Código de Ética Profesional y se allanó a la prueba. Entre los factores agravantes, evidentemente la conducta antiética en cuestión ocasionó dilaciones innecesarias en el trámite y la solución del pleito. Asimismo, tomamos en cuenta que, mediante Opinión *Per Curiam* emitida el 27 de febrero de 2017, este Tribunal suspendió de forma inmediata e indefinida de la práctica de la abogacía y la notaría al abogado debido a su incumplimiento con las órdenes de este Foro y con los requisitos de educación jurídica continua. Además, mediante *Resolución* del 4 de diciembre de 2020, censuramos enérgicamente al licenciado Soto Peña en la Queja AB-2018-118, le apercibimos que en el futuro debía ser más cuidadoso en el cumplimiento de sus deberes éticos, so pena de sanciones ulteriores, y ordenamos el archivo del asunto.

Así pues, luego de evaluar la totalidad de las circunstancias, principalmente el hecho de que el abogado fue suspendido previamente del ejercicio de la abogacía y censurado enérgicamente respecto a otra Queja, así como la seriedad de la conducta demostrada en el presente caso, en virtud de nuestro poder inherente de reglamentar la profesión legal, procede que decretemos la suspensión inmediata e indefinida del licenciado Soto Peña del ejercicio de la abogacía.

V

Por los fundamentos antes expuestos, suspendemos de forma inmediata e indefinida al Lcdo. José A. Soto Peña del ejercicio de la abogacía.

En consecuencia, el señor Soto Peña deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que

no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

|  |  |  |
|---|---|---|
| José A. Soto Peña | CP-2017-1 | Conducta Profesional |
| (TS-12,878) | | |

SENTENCIA

En San Juan, Puerto Rico a 12 de marzo de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, suspendemos de forma inmediata e indefinida al Lcdo. José A. Soto Peña del ejercicio de la abogacía.

En consecuencia, el señor Soto Peña deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

Notifíquese personalmente y por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.  El Juez Asociado señor Martínez Torres emitió una Opinión de Conformidad.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Soto Peña

   (TS-12,878)

                    CP-2017-1

Opinión de Conformidad emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 12 de marzo de 2024.

Estoy conforme con la determinación del Tribunal. El Sr. José A. Soto Peña se apartó de los principios éticos que rigen la profesión legal y procede suspenderlo indefinidamente del ejercicio de la abogacía, como lo hicimos en 2017. Ahora bien, la coyuntura de este caso comprueba un planteamiento que he reiterado consistentemente: la reinstalación de abogados suspendidos indefinidamente sin antes dilucidar los asuntos disciplinarios pendientes en su expediente atenta contra el interés público. El Tribunal debe estar en posición de evaluar todos los elementos que puedan afectar la aptitud de un abogado para reinsertarse a la práctica de la profesión.

I

El 27 de febrero de 2017, suspendimos al señor Soto Peña del ejercicio de la abogacía por exhibir un patrón reiterado de incumplimiento con los requerimientos de esta Curia y del Programa de Educación Jurídica Continua (PEJC). In re Ruidiaz Rodríguez, 2017 TSPR 44. Como consecuencia, ordenamos el archivo de dos quejas éticas pendientes. Posteriormente, el 2 de diciembre de 2019, la Mayoría del Tribunal proveyó ha lugar a la petición de reinstalación del señor Soto Peña y ordenó la reactivación de las quejas pendientes en su expediente. En ese momento, disentí e hice constar que, en protección del interés público, hubiese ordenado la reactivación y dilucidación de las quejas AB-2014-90 y AB-2018-118 antes de considerar la solicitud de reinstalación.

En esta ocasión, nos toca suspender al señor Soto Peña porque en el trámite de uno de estos asuntos disciplinarios pendientes, tras ser reinstalado, incurrió en el mismo patrón de desobediencia que motivó su suspensión indefinida en el año 2017. Precisamente vislumbrando este escenario, en el pasado cuestioné: "¿Qué nos dice que [el abogado] que nos vimos obligados a suspender por no cumplir con las órdenes de este Tribunal cumplirá con los procedimientos de las dos quejas pendientes?" In re García Cabrera, 2021 TSPR 115. Hoy mi pregunta no es simple retórica.

Definitivamente, no protege el interés público que reinstalemos abogados suspendidos indefinidamente sin estar en posición de escudriñar su idoneidad para reincorporarse a la profesión. En el momento en que un abogado toca las puertas del Tribunal para que se le reinstale, tiene que someterse a su jurisdicción y cumplir las condiciones que se le impongan para salvaguardar el bienestar público. No hay razón para ser más lenientes con un letrado que faltó a su juramento profesional, que lo que somos con aquel que solicita admisión por primera vez.

En ese contexto, es mi criterio que los togados suspendidos indefinidamente del ejercicio de la abogacía, como el señor Soto Peña, se encuentran en la misma posición que los aspirantes que aprobaron la reválida general y se aprestan a juramentar. En el caso de los candidatos a ejercer la profesión, nadie cuestiona nuestro poder inherente para imponer condiciones que nos permitan comprobar que están aptos y que **gozan de buena reputación.** La vara no puede ser más baja a la hora de evaluar al abogado que tuvo que ser suspendido indefinidamente por quebrantar los principios éticos que venía obligado a acatar.

Lo que propongo es incluso más laxo que el proceso que contemplan las Reglas Modelo de la American Bar Association (ABA) para la reinstalación de letrados desaforados (*disbarred*). Nótese que la Regla Modelo 25 de la ABA dispone que, entre otras cosas, el solicitante debe

volver a aprobar el examen de reválida y demostrar que no ha incurrido en más faltas éticas y que posee la competencia, honestidad e integridad para ejercer el Derecho. Véase, ABA Model Rules for Lawyer Disciplinary Enforcement, R. 25(E) (1989).

En lo que respecta a mi postura, estimo que una persona que solicite reinstalación tras una suspensión indefinida deberá contestar toda queja que pese en su contra y someterse al proceso investigativo o adjudicativo correspondiente. Una vez se dilucide todo asunto ético podremos responsablemente considerar si procede su reinstalación a la profesión legal. En cambio, si el abogado se niega a someterse a la jurisdicción del Tribunal, su solicitud debe ser denegada. De lo contrario, nos seguiremos exponiendo a reinstalar letrados para tener que suspenderlos nuevamente, como ocurrió aquí con el señor Soto Peña. No debemos perpetuar esa futilidad. Huelga recalcar los efectos nefastos que este proceder acarrea para los clientes que contratan los servicios del abogado durante ese intervalo.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado