Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| ANDENO, CO.<br><br>Peticionaria<br><br>V.<br><br>ÁNGEL MANUEL CARBONELL VÉLEZ<br><br>Recurrido | KLCE202401047 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Cabo Rojo<br><br>Caso Núm. CB2022CV00485<br><br>Sobre: COBRO DE DINERO (REGLA 60) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de noviembre de 2024.

Comparece ante nos, Andeno, Co. (Andeno o peticionario), mediante *Petición de Certiorari*. Nos solicita que revisemos la *Resolución* emitida y notificada el 26 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan (foro sentenciador o foro primario). Mediante el aludido dictamen, el foro primario declaró *No Ha Lugar* una *Solicitud de Reconsideración* presentada por Andeno.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y *se confirma* la resolución recurrida.

**I.**

El 8 de septiembre de 2022, Andeno presentó una *Demanda* sobre Cobro de Dinero al amparo de la Regla 60 de Procedimiento Civil contra el señor Ángel Manuel Carbonell Vélez (señor Carbonell o recurrido). Mediante esta, alegó que el 11 de agosto de 2022, suscribió un contrato de préstamo a favor del señor Carbonell por la cantidad de $2,500 (dos mil quinientos dólares). Explicó que, conforme al contrato, el señor Carbonell tenía la responsabilidad de repagar dicho préstamo a través de abonos mensuales. Sin embargo, a la fecha no había realizado ningún pago. Señaló que, en varias instancias, intentó cobrar lo adeudado a través de llamadas, correo

electrónico y cartas, pero dichas gestiones fueron infructuosas. Por ello, sostuvo que el balance adeudado ascendía a $2,772.78, cuya cuantía era líquida, vencida y exigible. Por último, solicitó que se dictara sentencia a su favor y ordenara al señor Carbonell a pagar la cantidad adeudada, así como las costas, gastos y la suma de un 10% en concepto de honorarios de abogado.[1]

Luego de varias incidencias procesales, el 25 de octubre de 2022 se celebró la vista inicial. A dicha vista compareció Andeno por conducto de su representación legal. Sin embargo, el señor Carbonell no compareció ni presentó excusa por su incomparecencia. En consecuencia, el foro primario dictó sentencia en rebeldía y ordenó al señor Carbonell el pago de $2,772.78, más $65.00 en costas y un 5% por concepto de interés legal post sentencia.[2]

El 30 de noviembre de 2022, el foro primario emitió Orden de Embargo por la suma de $2,772.78, más $65.00 en costas y $277.00 por concepto de honorarios de abogado.[3] El 22 de diciembre de 2023, el foro primario, a solicitud de Andeno, emite la orden siguiente:

> Considerada la Sentencia dictada en el presente caso, el Tribunal declara Con Lugar dicha solicitud a fin de satisfacer el balance actualmente adeudado de $2,772.78 dólares, más $65.00 dólares en costas y la suma de $277.00 dólares por concepto de honorarios de abogado. El Tribunal ordena a Banco Popular de Puerto Rico, Oriental Bank y First Bank Puerto Rico a realizar la correspondiente búsqueda en sus archivos dentro de los primeros diez (10) días calendario según lo pre dispuesto por la Regla 51.4 de Procedimiento Civil, contados a partir del diligenciamiento de esta orden, para determinar si existen cuentas registradas a nombre de la parte demandada. De resultar positiva la búsqueda, deberán emitir una certificación a la parte demandante que detalle relativo a cada cuenta: el número de cuenta y el balance de dicha cuenta a la fecha de la certificación y no permitir retiros de fondos dentro de cuarenta y cinco (45) días posteriores al recibo de esta Orden.[4]

Con el propósito de ejecutar la sentencia, el 18 de julio de 2023, la Oficina de Alguaciles procedió con el Mandamiento y Requerimiento emitido

---

[1] Véase, Apéndice electrónico de Sistema Unificado de Manejo y Administración de Casos (SUMAC), entrada 1.

[2] Véase, Apéndice I del Recurso de Apelación, pág. 001.

[3] Señalamos que en la Sentencia en Rebeldía no se incluyó partida alguna por concepto de honorarios de abogado. No obstante, la Orden de Embargo incorrectamente incluyó los mismos, pues no se enmendó para incluirlos.

[4] Véase, Apéndice electrónico de SUMAC, entrada número 13.

al patrono del señor Carbonell. Desde entonces se consignó a la cuenta del tribunal el 25% del salario devengado por el recurrido. Más adelante, el 22 de diciembre de 2023, se diligenció por segunda ocasión un Mandamiento y Requerimiento en contra del señor Carbonell, esta vez, a sus cuentas de banco y al vehículo. Lo cual concluyó en una retención del cien 100% de su salario.[5]

A raíz de ello, el 8 de enero de 2024, el señor Carbonell compareció ante el foro primario mediante un documento intitulado *Moción Asumiendo Representación Legal y en Solicitud de Remedio*. Ahí explicó que, a la fecha de 8 de enero de 2024, había consignado a la cuenta del tribunal la cantidad de $1,765.15 y el monto para satisfacer la sentencia era de $1,349.63. Detalló que el banco había congelado la cantidad $2,147.32 de su cuenta de cheques. Por tanto, solicitó al tribunal que ordenara al Banco Popular que emitiera un cheque a favor del Secretario del Tribunal, por la cantidad de $1,349.63, para cubrir el saldo de la sentencia del caso. Además, liberara cualquier balance adicional retenido. Por otra parte, requirió que se dejara sin efecto la *Orden* de Mandamiento y Embargo, al igual que, la orden de solicitud de gravamen vehicular del 22 de diciembre de 2023.[6]

En respuesta, el 18 de enero de 2024, el foro primario emitió *Orden* en la que concedió diez (10) días al peticionario para que expresara su posición en cuanto al recurso presentado por el señor Carbonell. Transcurridos treinta y cuatro (34) días sin comparecer, el 26 de febrero de 2024, el señor Carbonell incoó una segunda *Moción Urgente en Solicitud de Orden de Desglose de Dinero Embargado en exceso; Pago de Daños y Perjuicios*. En ella, recalcó que el 100% de su sueldo fue embargado y el peticionario aún no se habia expresado. Ante ello, el 7 de marzo de 2024, el foro primario emitió *Orden* a la Oficina de Alguaciles con el fin de emitir un cheque a favor del señor Carbonell por la cantidad de $3,114.78 y desglosar los fondos restantes que fueron embargados en exceso. Además, dejó sin efecto la orden de embargo y

---

[5] Véase, Apéndice II del Recurso de Apelación, pág. 003 – 013.
[6] Véase apéndice electrónico de SUMAC, entrada número 16.

de gravamen vehicular por haberse satisfecho la sentencia.[7] Por otro lado, señaló una vista argumentativa para que el peticionario mostrara causa por la cual no debía ser encontrado incurso en desacato por el incumplimiento con las órdenes del tribunal y para dilucidar la reclamación de daños y perjuicios post-sentencia.[8]

Por su parte, el 3 de abril de 2024, el peticionario compareció mediante una *Moción en Cumplimiento de Orden y Reconsideración*. En la misma, alegó que ha mantenido comunicación con el señor Carbonell. Además, expresó no tener conocimiento en cuanto al proceso del Mandamiento de Embargo de Salarios y su diligenciamiento. Sostuvo que el Mandamiento de Embargo de Salarios y su diligenciamiento debió haber sido subido a SUMAC por el personal de la Oficina de Alguaciles del Tribunal, cosa que nunca hicieron. Sobre el incumplimiento de las órdenes del tribunal, afirmó que recientemente había regresado de las vacaciones de Semana Santa[9]

Luego de varias incidencias procesales, el 3 de julio de 2024, el foro primario celebró la vista argumentativa. Ahí, se dilucidaron varios asuntos, entre ellos, la jurisdicción del tribunal para atender una causa de acción de embargo ilegal post-sentencia.[10]

Finalmente, el 12 de julio de 2024[11], el foro sentenciador emitió una *Resolución y Orden* en la cual declaró *No Ha Lugar* a la solicitud del señor Carbonell en referencia a los daños y perjuicios. Señaló que, la referida solicitud debe incoarse a través de un pleito independiente. Por otro lado, concedió honorarios de abogado al recurrido. Al respecto, destacó que no hay justificación para que el peticionario tardara 72 días en cumplir una *Orden* del tribunal. Señaló que tal proceder obligó al señor Carbonell a incurrir en trámites y gestiones legales que se pudieron prever. Por tanto, ordenó al peticionario a pagar la suma de $2,500 en honorarios de abogado y $158.76

---

[7] Véase apéndice electrónico de SUMAC, entrada número 25.
[8] *Íd.*
[9] Véase apéndice electrónico de SUMAC, entrada número 28.
[10] Véase, Recurso de Apelación, pág. 2
[11] Notificada, el 19 de julio de 2024.

en aranceles pagados por embargo ilegal y comisión a favor del señor Carbonell.[12]

Insatisfecho, el 4 de agosto de 2024, Andeno radicó una *Moción de Reconsideración y Solicitud de Regrabación*. Tras examinar los escritos de ambas partes, el 16 de agosto de 2024[13], el foro primario emitió una *Resolución* en la que declaró *No Ha Lugar* a la solicitud de *Reconsideración* presentada por el peticionario.

Inconforme con dicho dictamen, el 26 de septiembre de 2024, el peticionario recurrió ante nos mediante una *Petición de Certiorari* y expuso los siguientes señalamientos de error:

> ERRÓ EL TPI AL IMPONER HONORARIOS DE ABOGADO POR TEMERIDAD SIN JUSTIFICACIÓN LEGAL EN UNA ETAPA POST-SENTENCIA.

> ERRÓ EL TPI AL ENTRAR EN LOS MÉRITOS DE UNA CAUSA DE ACCIÓN INDEPENDIENTE POR EMBARGO ILEGAL EN UNA ETAPA POST-SENTENCIA SIN TENER JURISDICCIÓN PARA ELLO.

> ERRÓ EL TPI AL IMPONER UNA SANSIÓN DE $2,500 POR INCUMPLIMIENTO DE UNA ORDEN JUDICIAL QUE PREVIAMENTE HABÍA DADO POR CUMPLIDA Y QUE CARECÍA DE UN TÉRMINO PARA CUMPLIRLA.

> ERRÓ EL TPI AL NO ATENDER NI RESOLVER EL ASUNTO JURISDICCIONAL PLANTEADO EN LA VISTA ARGUMENTATIVA, NI RECOGERLO EN LA MINUTA.

> ERRÓ EL TPI AL CONTRADECIRSE EN SUS RESOLUCIONES, PRIMERO IMPONIENDO HONORARIOS POR TEMERIDAD Y LUEGO NEGANDO HABERLO HECHO.

> ERRÓ EL TPI AL ABUSAR DE SU DISCRESIÓN JUDICIAL AL IMPONER UNA SANSIÓN DESPROPORCIONADA SIN FUNDAMENTO LEGAL, DISFRAZADA COMO HONORARIOS DE ABOGADOS POR TEMERIDAD.

El 16 de octubre de 2024, el señor Carbonell presentó su Alegato de Oposición. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

---

[12] Véase, Apéndice VII del Recurso de Apelación, págs. 015-016.
[13] Notificada, el 26 de agosto de 2024.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction Inc.,* 201 DPR 703, 710 (2019). Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Así, pues, el foro apelativo deberá auscultar los criterios de la aludida regla para guiar su discreción al intervenir con la resolución u orden recurrida. La Regla 40 dispone:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Sin embargo,

la discreción no opera en el vacío y en ausencia de parámetros que la encaminen, sino que el foro apelativo cuenta con los criterios enumerados en dicha Regla para asistirlo y determinar si en un caso en particular procede que se expida el auto discrecional de *certiorari. BPPR v. SLG Gómez-López,* 2023 TSPR 145, a la pág. 23, 213 DPR ___ (2023).

**B.**

La Regla 44.1(d) de Procedimiento Civil, 32 LPRA Ap. V, regula la concesión de honorarios de abogado. En síntesis, dispone que:

> [E]n caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso [de] que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o instrumentalidades haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado. *Torres Montalvo v. Gobernador ELA,* 194 DPR 760, 778 (2016).

Según la regla procesal, el tribunal impondrá el pago de una suma por este concepto cuando determine que cualquier parte o su abogado actuó temerariamente. Esta determinación es un asunto que descansa en la sana discreción del tribunal. *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 277 (2021). Sin embargo, si el tribunal entiende que se actuó temerariamente, la imposición de honorarios de abogado será mandatoria. *Pérez Rodríguez v. López Rodríguez et al.,* 210 DPR 163, 193 (2022).

En ese sentido, incurre en una conducta temeraria una parte que alargue innecesariamente un pleito o que interponga pleitos frívolos que obliguen a la otra parte a incurrir en gastos innecesarios o gestiones evitables. *Pérez Rodríguez v. López Rodríguez et al, supra,* pág. 193. Mediante la imposición de estos honorarios se busca penalizar al "[l]itigante perdidoso que, por su obstinación, terquedad, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, los gastos, el trabajo y los inconvenientes de un pleito". *Íd.*

Por otro lado, [a]l imponer Honorarios de abogado a la parte temeraria, el tribunal sentenciador determinará la cuantía que aplicará por: (1) el grado de temeridad; (2) el trabajo realizado; (3) la duración y naturaleza del litigio; (4) la cuantía involucrada, y (5) el nivel profesional de los abogados. *C.O.P.R v. S.P.U,* 181 DPR 299, 342-343 (2011).

Al igual, es menester destacar que, los honorarios de abogados sancionan la temeridad en cualquier tipo de acción judicial. *SLG González-Figueroa v. SLG et al.,* 209 DPR 138, 148 (2022). No obstante, es improcedente en litigios que encierran planteamientos complejos y novedosos aún no resueltos en nuestra jurisdicción. *Gómez Márquez et al. v. El Oriental,* 203 DPR 783, 807 (2020).

Por último, la partida de honorarios de abogado concedida no se variará en apelación, a menos que la misma sea excesiva, exigua o constituya un abuso de discreción. *Ramírez v. Club Cala de Palmas,* 123 DPR 339, 350 (1989).

## III.

Comenzaremos nuestra discusión atendiendo el primer, tercer, quinto y sexto señalamiento de error por estar estrechamente relacionados. Finalmente analizaremos el segundo y cuarto planteamiento de error en conjunto. El peticionario arguye que erró el foro primario al conceder $2,500 al recurrido por concepto de honorarios de abogado. En síntesis, plantea abuso de discreción por parte del foro sentenciador. No le asiste razón, veamos.

En el caso de autos, el señor Carbonell recibió dos órdenes de Mandamiento y Requerimiento, lo cual concluyó en el embargo del cien por ciento (100%) de su sueldo. Incluso cuando éste, se mantuvo en estricto cumplimiento con el depósito del 25% de su salario, según acordó en la primera orden de Mandamiento y Requerimiento. A consecuencia de ello, radicó cuatro mociones ante el foro primario. No obstante, el peticionario tardó 72 días en comparecer ante la solicitud del señor Carbonell para la paralización de ejecución de su salario. Asunto que fue finalmente atendido

por el peticionario, 87 días luego de haber sido radicado y dos órdenes emitidas por el foro primario. Como es sabido, la imposición de honorarios es una determinación discrecional que corresponde tomar al foro sentenciador. *VS PR, LLC v. Drift-Wind, supra*, pág. 277. Dicha determinación prevalece cuando una parte incurre en conducta temeraria al prolongar innecesariamente un pleito u obligue a otra parte a incurrir en gastos innecesarios o gestiones evitables. *Pérez Rodríguez v. López Rodríguez et al, supra,* pág. 193. En el presente caso, entendemos que el foro primario no abusó de su discreción al otorgar honorarios de abogado. A contrario sensu, penalizó al peticionario por el desdén en atender las órdenes emitidas y notificadas por dicho foro, 87 días después. Ante ello, obligó al recurrido a incurrir en gastos, trámites y gestiones legales evitables. Por tanto, el foro primario no abusó de su discreción, más bien, utilizó una herramienta procesal que provee el Estado para una mejor administración de la justicia.

Por otra parte, el peticionario aduce que incidió el foro primario al imponer una sanción desproporcionada en honorarios de abogado. No estamos de acuerdo. Según el derecho reseñado, [a]l imponer honorarios de abogado a la parte temeraria, el tribunal sentenciador determinará la cuantía que aplicará por: (1) el grado de temeridad; (2) el trabajo realizado; (3) la duración y naturaleza del litigio; (4) la cuantía involucrada, y (5) el nivel profesional de los abogados. *C.O.P.R v. S.P.U,* supra, págs. 342-343. En el caso de autos, no vemos la cantidad de $2,500 como una desproporciona. El peticionario tardó 87 días en cumplir con una orden del tribunal, acción que provocó que el recurrido innecesariamente incurriera en gastos legales, excesivos e inesperados. La normativa jurisprudencial es clara. El abogado deberá "desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución". *In Re Soto Peña,* 2024 TSPR 23, 213 DPR ___ (2024). Tal requisito no fue satisfecho por el peticionario en el caso ante nos. En consecuencia, ante la falta de una cantidad sea excesiva, exigua o abuso de discreción por el foro sentenciador,

no intervendremos en su decisión. *Ramírez v. Club Cala de Palmas,* supra, pág. 350.

Por último, en el segundo y cuarto señalamiento de error, el peticionario sostiene que incidió el foro primario al entrar en los méritos de una causa de acción por daños y perjuicios en la vertiente de embargo ilegal. El error no fue cometido.

De una simple lectura de la *Resolución y Orden* que emitió el foro primario el 12 de julio de 2024 y notificó a las partes el 19 de julio de mismo mes y año,[14] constatamos que el Tribunal declaró *No Ha Lugar* a la solicitud de Daños y Perjuicios presentada por el señor Carbonell. En específico determinó lo siguiente:

> El Tribunal, conforme a los escritos presentados y los argumentos de las partes en la vista argumentativa resuelve:
>
> *No Ha Lugar* a la solicitud de Daños y Perjuicios. La misma debe tramitarse en un pleito independiente.
>
> Se da por cumplida la orden de mostrar causa emitida el 27 de marzo de 2024 hacia la parte demandante.
>
> Se declara *Con Lugar* la solicitud de Honorarios de abogados.

En consecuencia, no coincidimos con el planteamiento del peticionario. Claramente, el foro primario no entró en los méritos de la solicitud de Daños y Perjuicios. De hecho, así lo puntualizó en la *Resolución,* cuando enfatizó su falta de jurisdicción al determinar que dicho asunto es uno que debe tramitarse en un pleito independiente. En conclusión, no se cometieron los errores reseñados.

**IV.**

Por los fundamentos expuestos, se expide el auto de *certiorari* y *se confirma* la resolución recurrida.

---

[14] Véase, Apéndice VII del Recurso de Apelación, págs. 015-016.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Díaz Rivera disiente sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones